UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GREGORY GARMON, SR.          :
                             :
        v.                   :    C.A. No. 13-516ML
                             :
AMTRAK                       :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendant National Railroad Passenger Corporation's Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint. (Document No. 15). Plaintiff opposes the Motion. (Document No. 17). A hearing was held on December 18, 2013. For the following reasons, I recommend that Defendant's Motion to Dismiss Counts II and III of the Amended Complaint be GRANTED.

**Background**

In his Amended Complaint, Plaintiff, a lineman employed by Amtrak, alleges that he has been subjected to a pattern of racial harassment and discrimination over the course of his career. In Count I, Plaintiff asserts a claim of race discrimination brought under 42 U.S.C. § 1981. Counts II and III are brought under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq., and allege claims of negligent and intentional infliction of emotional distress, respectively. Plaintiff asserts that the alleged "overt discrimination, adverse and disparate treatment as compared to Caucasian workers, and other discriminatory acts" have caused him to suffer "severe emotional distress and physical trauma which includes anxiety, high blood pressure, loss of sleep, depression, and other physical injury." (Document No. 14 at pp. 10-11).

**Discussion**

    **A.**    **Dismissal Standard**

Defendant moves for dismissal of Counts II and III of Plaintiff's Amended Complaint under Rule 12(b)(6), Fed. R. Civ. P.  Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995).  If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).  While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)).  "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559).  See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 ("when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but instead,"the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico, Nos. 08-2283, 09-1801, 2010 WL 5093220, *4 (1st Cir. Dec. 10, 2010).

**B.     Zone of Danger Test**

Defendant argues that the "zone of danger" test applies under FELA to Plaintiff's emotional distress claims and that dismissal of Counts II and III is required since Plaintiff fails to plead sufficient facts to meet the requisite standard.  In Consol. Rail Corp. v. Gottshall, 512 U.S. 532, 556 (1994), the Supreme Court held that the common law zone of danger test applies to claims of negligent infliction of emotional distress brought under FELA.  "[T]he zone of danger test limits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct." Id. at 547-548.  Applying that test, the Court held that a railroad worker could not recover under FELA for emotional injuries stemming from a stressful working environment. Id. at 558. Subsequent decisions have applied the zone of danger test to both negligent and intentional infliction of emotional distress claims plead under FELA.  See Goodrich v. Long Island RR Co., 654 F.3d 190, 199 (2nd Cir. 2011) (holding that zone of danger test applies to intentional infliction of emotional distress claims under FELA and affirming dismissal due to the plaintiff's failure to allege he sustained a physical impact as a result of his employer's negligent conduct or was placed in immediate risk of physical harm by that conduct); and Carmack v. Nat'l RR Passenger Corp., 486 F. Supp. 2d 58, 83 (D. Mass. 2007) (same).

In his Opposition, Plaintiff's counsel does not cite any legal precedent one way or the other on the applicability of the zone of danger test to Counts II and III and thus effectively concedes that it applies.  (Document No. 17 at p. 10).  Plaintiff's counsel also conceded at the hearing that the factual allegations in the Amended Complaint did not meet the zone of danger requirements.

Although these concessions are sufficient to require dismissal of Counts II and III, Plaintiff tries to save the day by relying upon a recent traffic incident which is not alleged in the Amended Complaint. Defendant objects to consideration of this new, unpled incident and its objection is well founded and sustained. See Fisher v. Town of Orange, 885 F. Supp. 2d 468, 471 n.1 (D. Mass. 2012) (In considering a Rule 12 dispositive motion, the Court considers only those facts alleged in the complaint and not those just contained in an opposition brief); and Miller v. Suffolk Cnty. House of Corr., No. 01-11331-DPW, 2002 WL 31194866 at *2, n.1 (D. Mass. Sept. 27, 2002) (same). However, even if Plaintiff's "new" incident was considered, it is plainly insufficient to plead a viable zone of danger claim.

Plaintiff is attempting to rely upon an unsworn note describing a traffic incident which allegedly occurred in proximity to the Smithfield Avenue exit off Route 95 southbound. Although the note is dated September 6, 2013, the note does not indicate the date or time of the alleged incident.[1] In a nutshell, Plaintiff asserts that an individual driving an Amtrak truck passed him in the middle lane and tried to prevent him from taking the exit. Plaintiff asserts that he was able to take the exit and blew the horn at the other vehicle for "creating a very dangerous situation from his unsafe act." (Document No. 18 at p. 3). He asserts that the other vehicle did not take the exit and continued on 95 South as if the incident never occurred. Id.

Since the note does not allege any physical impact, the only possible way the incident could meet the zone of danger test is if Plaintiff could plausibly allege that the incident was a result of

---

[1] In his Opposition, Plaintiff asserts that "[d]ue to the timing of the event, it had not been alleged in the Amended Complaint." (Document No. 17 at p. 10). However, Plaintiff moved to amend his Complaint on September 13, 2013, the Motion was granted on September 30, 2013, and the Amended Complaint filed on October 22, 2013. Since the incident is described by Plaintiff in a note dated September 6, 2013, the "timing of the event" in no way prevented Plaintiff from including the incident in this Amended Complaint.

Defendant's negligent conduct and placed him in imminent risk of physical harm. See Lukowski v. CSX Transp., Inc., 416 F.3d 478, 482 (6th Cir. 2005) ("[u]nder this test, a worker within the zone of danger of physical impact will be able to recover for emotional injury caused by fear of physical injury to himself."). Plaintiff's unsworn note regarding the alleged traffic incident is simply too vague and conclusory to meet the applicable pleading requirements. Plaintiff asserts that the other driver intentionally tried to prevent him from taking the exit but he provides no factual details as to how this was accomplished. He also fails to provide any factual allegations that would reasonably suggest an imminent risk of physical impact. Finally, and significantly, he does not assert that he suffered any emotional injury due to this incident and does not attempt to draw any connection between this incident and the allegations of discrimination in his Amended Complaint. Thus, although the Court is constrained by the rules of pleading from considering this extraneous and unpled incident, the description is simply insufficient to plead a viable zone of danger claim under FELA.

**Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint (Document No. 15) be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-

Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 27, 2013